## Respublica *against* John Davison.

The jurisdiction of the admiralty is confined to offences on the high sea.  Where a witness swears directly to an offence committed by another, the court will not discharge the party absolutely, but admit him to bail.

HABEAS *corpus cum causa*, under the act of 1785, issued to the keeper of the criminal department, to bring up the body of the defendant.  It appeared by the return thereon that he was committed to gaol by Abraham Shoemaker, esq., one of the aldermen of the city, for having wilfully set fire to a vessel of which he was owner, called the Theodosia, with the intent to defraud and cheat the Phœnix Insurance Company, out of the insurance made on her, upon the oath of David Bowers.

The defendant on the 11th June 1804, effected an insurance of $1000 for three months with the insurance company, on a valued policy of $1800; and the aforesaid David Bowers, who was the captain, on the 2d August following, made a protest, whereby he swore, that on the 31st July the vessel was burnt either by lightning, or the candle in the binnacle, on her voyage to Sinepuxent, at a place called Mahon's Ditch, in Delaware river, five miles below Duck Creek, and the same facts were verified by the oath of William Riddle, a seaman.  These papers were presented to the Phœnix Insurance Company, and $900 were paid by them to Davison.

Two days before the hearing on the *habeas corpus*, Bowers made oath that he sailed in ballast from Philadelphia on the 23d July; that his owner, Davison, proposed to him to sink or burn the vessel in the Delaware, and in consequence thereof

[Respublica v. Davison.]

she was afterwards burnt in the Delaware, at Mahon's Ditch, on the 31st July. There was no thunder or lightning at the time. One Farmer Fleetwood, a seaman, assisted in the burning.

*Mr. J. Sergeant now moved that the prisoner should [*126 be discharged, or at least admitted to bail.

He proved by the ship carpenter, that the sloop had been put into complete repair before she sailed, and must have cost Davison $1200 or $1300. He had advised the making of the insurance, and thought Bowers incapable of navigating her.

Another witness proved, that the sloop lay at anchor in Mahon's Ditch, when she met with the accident, and that it was 50 or 60 feet in width.

No reliance can be placed on the testimony of Bowers. He has sworn differently at different times; he is contradicted in what he has last sworn, by the oaths of all the persons on board. He is under the influence of the most deadly revenge, having quarrelled with his owner, for refusing to him what he had no pretensions to demand.

This case does not fall within the act of congress of last session, passed 26th March, 1804, 7 U. S. Laws 126. The 2d section thereof confines the offence of the owner of the vessel, in wilfully and corruptly destroying the same, with intent to prejudice the underwriters, to acts done on the high seas.

The Admiralty Court in England has cognizance of all crimes and offences committed either upon the sea, or on the coasts, out of the body or extent of any English county. 4 Bla. Com. 268. Wood's Inst. 475, 6th ed. 2 Bac. 623. What shall be said to be the high sea, does not appear to be precisely settled by the English books.

It has been determined to be no part of the sea, where one may see what is done of the one part of the water, and of the other; as to see from one land to the other. 3 Inst. 140, 141. 12 Co. 80. Moor 892. But it is also laid down, that such place as is covered with salt water is *altum mare.* Owen 123. And by Coke, the Admiralty Court has cognizance of a matter done in a ship, riding in a port that is not within the body of a county. 1 Rol. Rep. 250. But no controversy can possibly exist whether Mahon's Ditch can be styled high sea.

The court demanded of Mr. Dallas, the district attorney for the United States, whether he claimed in behalf of the federal courts, jurisdiction over the offence alleged to have been committed by the prisoner. After some consideration, he frankly admitted, they could not claim the jurisdiction.

By THE COURT. However suspicious the testimony of Bowers may be, yet as he has sworn directly to the offence committed by Davison, we cannot discharge him. It is the province of a grand and petit jury alone to determine on his innocence or *guilt. Let the prisoner give bail, himself in $1000 and [*127 two sureties in $500 each, to answer the alledged fraud at the next Mayor's Court to be held for the city of Philadelphia.